## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

CHARLES BENJAMIN LOWERY,    )    CASE NO. 1:14 CV 2523
    )
       Petitioner,    )    JUDGE DONALD C. NUGENT
    )
    v.    )
    )    <u>MEMORANDUM OF OPINION</u>
STATE OF OHIO,    )
    )
       Respondent.    )

*Pro se* Petitioner Charles Benjamin Lowery filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He was convicted in 2006 on two counts of aggravated robbery, two firearm specifications, and one count of having a weapon under disability. He is currently in the Toledo Correctional Institution serving an eleven year sentence. Petitioner asserts seven grounds for relief in his habeas petition, including three grounds which challenge the indictment, one ground challenging as a copyright or trademark infringement the ODRC's printing of Petitioner's name in all capital letters, two grounds challenging the credibility of the witness testimony, and a claim that the trial court lacked jurisdiction to conduct his trial because the courtroom contained a flag with gold fringe. He asks this Court to reverse his judgment of conviction and compel the state to release him.

### Factual and Procedural Background

On the evening of December 31, 2005, Timothy Rodgers and Wayne Vince were at Rodger's

sister's home located in Dayton, Ohio when they decided to walk to a local convenience store to get more food and drinks for the party. *State of Ohio v. Lowery*, No. 21879, 2007 WL 4305684, at * 1-2 (Ohio App. 2 Dist. Dec. 7, 2007). As they were entering the convenience store, Petitioner was leaving. He waited for Rodgers and Vince to exit the store and then asked if they wanted to buy marijuana. They apparently agreed to do so, and they all went back to Rodger's sister's home where they drank alcohol and smoked marijuana. Rodgers briefly went into the house, and when he returned, Petitioner pulled a sawed-off shotgun from underneath his coat. He pointed the gun at Rodgers and Vince and demanded money. They gave him approximately $120.00. Petitioner took the money and ran off. Vince chased after him until Petitioner turned and fired the shotgun at him. Vince returned to the home and called police.

Officers took statements from Vince and Rodgers and got a description of the suspect. When the officers spoke with Vince and Rodgers nine days later, they learned that the suspect had been in the convenience store just before the victims arrived. The store's surveillance video showed both the suspect and the victims.

Petitioner was arrested on unrelated weapons charges on January 15, 2006. Police recovered a long black leather jacket like the one described by Vince and Rodgers, and a sawed-off shotgun. When one of the detectives investigating the robbery saw Petitioner's booking photo, he recognized Petitioner as the man on the store surveillance video. Rodgers and Vince both selected Petitioner from a photo line up.

Petitioner was indicted on two counts of aggravated robbery, each with a three year firearm specification, one count of unlawful possession of a dangerous ordinance, and one count of having a weapon under disability. The robbery charges and weapons charges arose out of separate incidents

-2-

and were tried separately. Petitioner was convicted on both robbery charges and the firearm specifications following a jury trial. He pled guilty to having a weapon under disability in exchange for dismissal of the charge of possessing a dangerous ordinance. He was sentenced in September 2006 to consecutive four year prison terms on the robbery charges. The court merged the gun specifications and imposed an additional and consecutive three year term of incarceration. The court imposed a concurrent one year prison term on the charge of having a weapon under disability. Petitioner's total aggregate sentence is eleven years incarceration.

Petitioner filed a direct appeal of his convictions to the Ohio Second District Court of Appeals. He asserted two assignments of error:

> 1. The jury's verdicts should be reversed as they were against the manifest weight of the evidence;
>
> 2. The court's imposition of non-minimum consecutive sentences is unconstitutional and must be reversed.

*Id.* at *2,4.

In support of his first assignment of error, Petitioner pointed to several inconsistencies in the testimony of Rodgers and Vince. He claimed that the victims told police that they met him on their way to the convenience store but testified at trial that they first encountered him on their way home. The victims both had different estimated times that the robbery occurred. Petitioner pointed out that one victim testified that Rodgers went in the house to get cigarettes while the other testified Rodgers went into the house to get a pen and paper. Petitioner contended that Rodgers testified that as Petitioner fled the scene of the robbery, he fired his weapon. He did not say this in his earlier statement to police. Vince said he chased Petitioner until Petitioner stopped to reload his gun. He told police earlier that he chased Petitioner but lost him on Leo Street. The Court of Appeals found

-3-

that these details were immaterial to Petitioner's conduct and only implicated the credibility of the witnesses. The court stated it would not substitute its judgment for that of the trier of facts on issues of witness credibility. Petitioner's first assignment of error was overruled.

With respect for his second assignment of error, Petitioner argued that pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) and *State v. Foster*, 109 Ohio St. 3d 1 (2006), he was entitled to have the jury decide issues of fact that would result in the imposition of a greater sentence. The court indicated that Petitioner did not raise his *Blakely* objection at trial and forfeited it on appeal. The court also held that the trial court's sentences were not based on any of the findings mandated by Ohio Revised Code § 292914(B) and neither *Blakely* nor *Foster* were applicable to this case. Petitioner's second assignment of error was also overruled.

Petitioner contends he appealed this decision to the Supreme Court of Ohio. The Supreme Court, however, has no record of this filing.[1] He provides no information concerning this alleged appeal except to say that the Court declined review some time in 2008.

On May 5, 2010, approximately two years and two months after he filed his transcript in his direct appeal, Petitioner filed a Petition for Post Conviction Relief in the trial court. *See State of Ohio v. Lowery,* No. 24198, 2011 WL 2410062, at *1 (Ohio App. 2 Dist. June 10, 2011). He asserted that his indictment was defective. *Id.* The trial court denied the Petition as untimely filed. *Id.*

Petitioner appealed that decision to the Ohio Second District Court of Appeals. He asserted

---

[1]    The Supreme Court of Ohio database includes cases filed in the Supreme Court of Ohio on or after January 1, 1985, and attorney discipline cases filed in the Supreme Court of Ohio on or after January 1, 1989. *See* http://www.sconet.state.oh.us/Clerk/ecms/. If Petitioner had appealed this decision to the Supreme Court of Ohio, it would be reflected on the Court's docket even if the Court declined review.

-4-

four grounds for relief:

> 1.  The judgment entered by the trial court and the indictment returned by the grand jury are null and void for lack of subject matter jurisdiction and for failure to charge as defined by state statute an aggravated robbery offense, when it failed to identify or name any victim in the proposed indictment.
>
> 2.  The judgment entered by the trial court and the indictment returned by the grand jury are null and void for lack of subject matter jurisdiction and for failure to charge as defined by state statute an aggravated robbery offense when it failed to include in the indictment a "theft offense."
>
> 3.  the state violated the constitutional ban against double jeopardy when it charged and convicted Appellant in counts three and four of the proposed indictment with two identical aggravated robbery offenses, causing indictment to suffer from "multi-plicity."
>
> 4.  Montgomery County Court of Common Pleas Court erred when it denied Appellant's Petition for Post-Conviction Relief.

*Id.*  The Court of Appeals affirmed the trial court's decision on June 10, 2011, stating that the

Petition was untimely, and his challenges to the indictment were barred by *res judicata* because they

could and should have been raised at trial and on direct appeal. *Id.* at *4.

Petitioner appealed that decision to the Supreme Court of Ohio on July 25, 2011. He asserted

four Propositions of Law:

> 1.  Trial court convicted and sentenced Appellant on indictment that failed to conform with the Criminal Rule 7 and Revised Code 2911.01.
>
> 2.  The judgment entered by the trial court and the indictment returned by the Montgomery County Grand Jury are null and void for lack of subject matter jurisdiction and for failure to charge as defined by state statute R.C. 2305.01 and 2911.01 and 2913.01.

3. Appellant was convicted and sentenced by the Montgomery County Common Pleas Court on an indictment suffering "multiplicity," violating the 5th Amendment of the United States Constitution and Article I, section 10 of the Ohio Constitution.

4. Lower court erred in its judgment against the Appellant's petition for Post Conviction Relief.

*See State of Ohio v. Lowery*, No. 2011-1263 (Ohio S. Ct. filed July 25, 2011).  The Supreme Court of Ohio declined jurisdiction and dismissed the appeal on November 16, 2011.

Petitioner filed a Motion for Entry of Default Judgment and a Motion for Summary Judgment on December 4, 2012 in the trial court.  He again asserted that his indictment was defective.  *See State of Ohio v. Lowery*, No. 25690, 2013 WL 5172765, at *1 (Ohio App. 2 Dist. Sept. 13, 2013).  The trial court denied the motions on the basis of *res judicata*.  *Id.*

Petitioner appealed that decision to the Ohio Second District Court of Appeals.  He asserted three assignments of error:

1. Trial court and county conspired against Appellant's constitutional rights as to U.S.C. 18 § 241.

2. State presented Appellant with an unconstitutionally constructed instrument, to wit: Defective Indictment.

3. Trial court violated ban against double jeopardy when it tried, convicted, and sentenced Appellant on two identical aggravated burglaries.

*Id.* at *1-2.  The Ohio Court of Appeals affirmed the trial court on September 13, 2013 also holding that the grounds raised were barred by the doctrine of *res judicata*.  Petitioner did not appeal this decision to the Supreme Court of Ohio.

Undeterred, Petitioner filed an "Appearance Brief in the Nature of Judicial Notice," a "Motion for Disclosure of Written and Oral Evidensial (sic) Items," and a "Motion for Entry of

Default Notice," on January 22, 2014, February 12, 2014, and March 3, 2014 respectively. *See State of Ohio v. Lowery*, No. 26170, 2014 WL 4518461 (Ohio App. 2 Dist. Sept. 12, 2014). In each Motion, he challenged his indictment. *Id.* The trial court denied the Motions on the basis of *res judicata*. *Id.*

Petitioner appealed this decision. The Court of Appeals upheld the decision of the trial court stating:

> This Court previously rejected that challenge and found consideration of the issue barred by *res judicata*. No matter how persistently Lowery challenges his indictment, the fact remains that *res judicata* applies.

*Id.* at *2. He did not appeal this decision to the Supreme Court of Ohio.

Instead, Petitioner filed a mandamus action in the Supreme Court of Ohio asserting that his indictment was defective. *See Lowery v. Johnson*, No. 2014-0334 (Ohio S. Ct. filed March 6, 2014). The Supreme Court dismissed the action, without comment, on July 23, 2014.

### Habeas Petition

Petitioner has now filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He asserts seven grounds for relief:

> 1. Court never had jurisdiction because counts 3,4 of the purported indictment failed to alleged (sic) a theft, in that it failed to state any loss another may have suffered. What had been "Deprived" the victim?

> 2. Purported indictment never made an allegation of any victims to the charge. Indictment alleges NO crime, save for the presentment of a statute violation.

> 3. Trial court convicted on indictment alleging 2 identical crime[s] as to counts 3,4. Both these counts (3&4) are indistinguishable for they state the same wording, making no distinguishable identification.

-7-

4. State of Ohio/ODRC, via the ODRC, infringed upon my property, to-wit; copyright/trademark/corporate fiction (ALL CAPITAL NAME [title 46])

5. Evidence at no time corroborated/supported the crime alleged by State (see records for Case #06CR159). Testimony of the two alleged victims never supported claims. One stated that after he and his friend of a long time were robbed, the offender ran across the street from them to an empty lot turned and fired his weapon back across [the] street at both of them, standing on their porch. Other state[s] that after they were robbed, the offender ran, and he gave chase. Running down street, around corner and up an alley where offender turns and fires weapon at him alone from 15-20 feet away, with a sawed off, 16 gauge shotgun, and it hit the ground in front of him. (see trial transcript) Both original statements say to the contrary.

6. Video surveillance conflicted with states and the investigating detective's assertions (See Video Tape from UDF on corner of Troy St. and Leo St. in Dayton, Ohio) Also store attendance testimony corroborated video not state or detective assertions, when stating offender can be observed hiding a weapon (a 20 1/4 shotgun in jacket).

7. Trial court lacked jurisdiction due to the red, white, and blue flag with gold fringe in courtroom upon which established "admiralty jurisdiction" in which put the proceedings up under Maritime jurisdiction. This flag stated above is my silent judicial notice of such military tribunal. The law of the flag (w/gold fringe) rendered Court without jurisdiction.

(ECF No. 1 at 5, 6, 8, 9, 11, 12, 13).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the

-8-

principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable

-9-

deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate

-10-

and distinct from the one previously considered and rejected in state court. *Id.* This does not mean

that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required

to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

   The procedural default doctrine serves to bar review of federal claims that a state court has

declined to address because a petitioner did not comply with a state procedural requirement.

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a

resolution of federal constitutional law, but instead "rests on independent and adequate state

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained

state court decision rests upon procedural default as an "alternative ground," a federal district court

is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th

Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim,

federal courts must rely upon the presumption that there is no independent and adequate state

procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*,

501 U.S. at 735.

   Simply stated, a federal court may review only federal claims that were evaluated on the

merits by a state court. Claims that were not so evaluated, either because they were never presented

to the state courts (i.e., exhausted) or because they were not properly presented to the state courts

(i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### Analysis

   Here, all of Petitioner's habeas grounds for relief are procedurally defaulted. To determine

if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural

rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule;

(2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Petitioner's first three grounds pertain to his indictment. Petitioner raised these claims in state court for the first time in his post conviction petition; however, the courts did not review the claims on the merits finding that the petition was untimely filed and that the claims were barred by *res judicata* because they could have been asserted on direct appeal. Thereafter he asserted them in a Motion for Entry of Default Judgment a Motion for Summary Judgment, an "Appearance Brief in the Nature of Judicial Notice," a "Motion for Disclosure of Written and Oral Evidensial (sic) Items," and a "Motion for Entry of Default Notice." Again, the Ohio Courts did not review the claims on the merits, stating they were barred by *res judicata*. Ohio courts have consistently held that claims that can be adjudicated based on facts in the record can only be presented on direct appeal. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967). This rule is regularly and consistently applied by Ohio courts as required by the four-part *Maupin* test. *Buell v. Mitchell*, 274 F.3d 337,

-12-

348-49 (6th Cir. 2001).  Petitioner's first three claims are procedurally defaulted.

Similarly, Petitioner's fifth and sixth grounds for relief are based on alleged inconsistencies between the evidence presented at trial and the original witness statements.  While it is difficult to determine if Petitioner raised these precise claims in his direct appeal in 2007, he did assert an assignment of error that his conviction was against the manifest weight of the evidence.  The Second District Court of Appeals denied the claim stating that those inconsistencies were minor and went to the credibility of the witnesses.  The Supreme Court of Ohio has no record of an appeal of that decision.  Petitioner cannot attempt now to assert these claims to the Supreme Court of Ohio eight years after the Court of Appeals issued its decision.  If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted.  *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).  The failure to raise a claim on direct appeal in the Ohio Court of Appeals or in the Ohio Supreme Court constitutes an adequate and independent ground upon which the state can rely to foreclose review of a federal constitutional claim.  *See Leroy v. Marshall,* 757 F.2d 94, 97 (6th Cir. 1985).  These claims are also procedurally defaulted.

Finally, Petitioner's fourth and seventh claims were never presented to the Ohio Courts on direct appeal or in a properly filed petition for post conviction relief.  Petitioner already pursued these avenues of relief and did not raise these claims.  He cannot return to state court to file another direct appeal or post conviction petition to assert new claims.  These claims are also procedurally

-13-

defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petitioner does not suggest any factor external to the defense precluded him from raising these claims in his direct appeal of his conviction or in his Petition for Post Conviction Relief, and from appealing these claims to the highest court in the state. He presents no suggestion of cause or prejudice, and his claims are dismissed as procedurally defaulted.

-14-

Moreover, even if they were not procedurally defaulted, Petitioner's grounds for relief are not cognizable in a habeas petition. His first three grounds for relief challenges the sufficiency of his indictment under state law. It is well-settled that there is not a federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California*, 110 U.S. 516, 537–38 (1884); *see Branzburg v. Hayes*, 408 U.S. 665, 688 n. 25 (1972); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states.... It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller*, No. 1:09cv698, 2009 WL 6315341, at *9 (N.D. Ohio Dec.1, 2009) (Report & Recommendation), adopted, 2010 WL 1258096 (N.D. Ohio Mar.30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433, 2009 WL 3378246, at *1, *20 (S.D. Ohio Oct.15, 2009) (Beckwith, J.; Black, M.J.). "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). A state court indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

Petitioner's fifth and sixth grounds for relief examine the testimony of witnesses at trial and compare them to statements the witnesses originally gave to police to point out inconsistencies. He also challenges whether the detective viewing the store surveillance video could see a weapon under his coat. If these claims were asserted at all in the state court, they would have been included in his direct appeal to the Second District Court of Appeals. In that assignment of error, he claimed his conviction was against the manifest weight of the evidence. Challenges to the manifest weight of

-15-

the evidence are not cognizable in federal habeas proceedings.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A habeas court resolves all conflicting inferences in favor of the prosecution, and does not weigh the credibility of witnesses. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). The evidence need not be sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. *Fuller v. Brown*, 662 F.2d 420, 435 (6th Cir. 1981). Any conviction based upon evidence insufficient to convince any rational trier of fact of the essential elements of the crime without a reasonable doubt offends the due process clause and may serve as grounds for habeas relief.

A claim that a conviction is against the manifest weight of the evidence differs from a claim that a conviction was based on insufficient evidence. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *Brown v. Hudson*, No. 5:08CV0599, 2008 WL 5869070, at \*2 (N.D. Ohio Jan. 21, 2008). It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. *Id.* When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's

-16-

resolution of the conflicting testimony. *Tibbs v. Florida*, 457 U.S. 31, 45  (1982). *See State v. Martin*, 20 Ohio App.3d 172, 175 (1983)("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").  A federal court reviewing a petition for a writ of habeas corpus has no authority to re-weigh the credibility of witnesses at trial or to review conflicts in the evidence. *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Brown*, No. 5:08CV0599, 2008 WL 5869070, at *2-4.  It is incapable, therefore, of determining whether a conviction was against the manifest weight of the evidence. It may only determine whether a conviction was based on sufficient evidence.  Petitioner asserted these claims as challenges to the manifest weight of the evidence. Indeed, he is asking this Court to consider the credibility of the witnesses, and to resolve conflicts in the evidence presented.  These claims go to the manifest weight of the evidence and are not cognizable in federal habeas corpus.

Finally, Petitioner's fourth and seventh grounds for relief are frivolous.  He asserts that the ODRC violated copyright and trademark laws by printing his name entirely in capital letter. He also asserts that the flag displayed in the courtroom where he was convicted had gold fringe and therefore deprived the court of jurisdiction to try him.

Generally, a federal court's authority in a habeas proceeding under § 2254 extends only to determining the legality of a petitioner's state court conviction and sentence, and not to addressing the conditions of his confinement or other civil claims he may try to assert. *See Nelson v. Campbell*,

-17-

541 U.S. 637, 643 (2004). In addition to being entirely without any legal merit or authority, Petitioner's copyright and trademark claim does not affect the legality of his conviction or his sentence. It cannot be asserted in a habeas petition.

Petitioner's claim that gold fringe on the American Flag displayed in the courtroom in which he was tried deprived the court of jurisdiction, is baseless. Every Court to have addressed this claim has labeled it as "totally frivolous." *See McCann v. Greenway* 952 F.Supp. 647, 650-51 (W.D. Mo. 1997)(listing cases in which courts have determined these arguments to be frivolous). *See also Murdock v. American Axle & Mfg., Inc.*, No. 03–CV–73744–DT, 2003 WL 25816431, at * 4 (E.D. Mich. Dec. 23, 2003)(finding the claim to be "a product of the fanatical minds inhabiting the fever swamps of conspiracy theory. It is, at a minimum, frivolous and sanctionable."). This Court agrees and finds Petitioner's assertion with respect to the gold fringe on the flag to be frivolous. Furthermore, even if Petitioner were able to prove that yellow fringe converted the state court's United States flag to a maritime flag of war, "the Court cannot fathom how the display of a maritime war flag could limit the state court's jurisdiction... to [convict Petitioner on robbery charges]. Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman." *McCann v. Greenway* 952 F.Supp. at 651. Petitioner's seventh ground for relief is factually and legally frivolous. It is not cognizable in a habeas petition.

### Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken

in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §

2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _April 23, 2015_